IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| LATAVEIA ALLEN, on behalf of herself and all others similarly situated, | ) ) ) | Case No. 1:24-cv-07476-CMC |
| Plaintiff, | ) ) ) | **DECLARATION OF DOUGLASS MORRIS IN SUPPORT OF MOTION TO COMPEL ARBITRATION, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT UNDER RULES 12(b)(1) OR 12(b)(6) AND MEMORANDUM IN SUPPORT** |
| v. SRP FEDERAL CREDIT UNION, | ) ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NORMAN BLACK, on behalf of himself and all others similarly situated, | ) ) ) | Case No.: 1:24-cv-07519-CMC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SRP FEDERAL CREDIT UNION, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GE-QUOIA WHITFIELD, on behalf of herself and all other similarly situated, | ) ) ) | Case No.: 1:24-cv-07537-CMC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SRP FEDERAL CREDIT UNION, | ) ) | |
| Defendant. | ) | |

| | |
|---|---|
| ROSEMARY ORTIZ, on behalf of herself and all Others similarly situated, <br><br>        Plaintiff, <br><br>  v. <br><br>SRP FEDERAL CREDIT UNION, <br><br>        Defendant. | Case No: 1:24-cv-07671-CMC |
| THERESA MCGRIER individually and on behalf of all others similarly situated <br>        Plaintiff, <br><br>  v. <br><br>SRP FEDERAL CREDIT UNION, <br><br>        Defendant. | Case No.: 1:24-cv-07695-CMC |
| SHANNON DUNN, individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br>  v. <br><br>SRP FEDERAL CREDIT UNION, <br><br>        Defendant. | Case No.: 1:25-cv-00210-CMC |
| RICKY CHASE, on behalf of herself and all others similarly situated, <br><br>        Plaintiff, <br><br>  v. <br><br>SRP FEDERAL CREDIT UNION, <br><br>        Defendant. | Case No.: 1:25-cv-00312-CMC |

# DECLARATION OF DOUGLASS MORRIS

1. I am employed by SRP Federal Credit Union ("SRP") and serve as the Chief Technology Officer for SRP. I am authorized to make this Declaration on behalf of SRP in support of SRP's Motion to Compel Arbitration, or in the alternative, to Dismiss Plaintiffs' Consolidated Complaint. I am over 18 years of age and competent to make this Declaration and testify to the facts stated below. Unless otherwise indicated, I have personal knowledge of the facts stated below.

2. As part of my job responsibilities, I have access to SRP's records regarding SRP members.

3. SRP is a federal credit union and is federally insured by the National Credit Union Administration.

4. Membership in SRP is available to any qualified person who lives, works, worships, volunteers or attends school in, and businesses and other legal entities located in, Aiken, Allendale, Barnwell or Edgefield Counties in South Carolina or Burke, Columbia, Jefferson, Lincoln, McDuffie or Richmond Counties in Georgia. Members' immediate family and household members are also eligible to join.

5. I understand that the following seven individuals have alleged they are SRP members and have filed claims against SRP in a consolidated lawsuit in connection with an alleged data incident at SRP that occurred between September 2024 and November 2024: Shannon Dunn ("Dunn"), Theresa McGrier ("McGrier"), Ricky Chase ("Chase"), Norman Black ("Black"), Lataveia Allen ("Allen"), Ge-Quoia Whitfield ("Whitfield"), and Rosemary Ortiz ("Ortiz") (collectively, "Plaintiffs").

6.  I have undertaken a search of SRP's records for information and documentation related to the Plaintiffs and their membership in SRP. SRP's records indicate that each Plaintiff became a member of SRP and continues to be a member of SRP through the completion of my review in support of this Declaration on May 22, 2025.

7.  Like all SRP members, Plaintiffs were required to complete SRP's application form as part of the membership application process and were required to agree to SRP's then-current membership agreement (absent which they would not have been approved for membership). Additionally, all SRP members, including Plaintiffs, were required to provide their contact information so that they could receive notifications from SRP by mail or email.

8.  Since 2014, SRP's membership application form has contained the following acknowledgement and agreement to be bound by the SRP membership agreement, as amended from time to time:

> Each applicant, authorized user or other party signing herein, (together herein referred to as "applicant(s)") hereby makes application for the account(s)/services and/or membership as indicated and agrees to conform to the Bylaws, as may be amended, of SRP Federal Credit Union ("Credit Union"). I certify that I am within the field of membership of this Credit Union if membership is requested. I/we certify the signature(s) on this card apply to all accounts designated above; and all information provided is true and correct. *I also acknowledge that I have received and agree to be bound by any terms and conditions in this card, and in the Membership Agreement, Truth-in-Savings Act Rate and Fee Schedule, and any Special Account or other separate Account Service Applications or Agreements as amended from time to time, which are incorporated herein by reference.*

(emphasis added)

9.  On information and belief, the same or substantially similar language, by which applicants acknowledged and agreed to be bound by the SRP membership agreement, as amended from time to time, was also included in SRP membership application forms in use in the period 1996 to 2014.

2

10.     The current version of SRP's membership agreement has been in effect since October 1, 2023 (the "Membership Agreement"). A true and correct copy of the Membership Agreement is attached as **Exhibit A**.

11.     The Membership Agreement is the successor to earlier versions of this agreement dating back to the earliest membership of any of the Plaintiffs in SRP, which was in 1996. On information and belief, the membership agreements in the period 1996 to the present have included a provision making successive amended agreements binding on all SRP members. The language of this provision in the current Membership Agreement states:

> The Credit Union, in its sole discretion, may change any term or condition of this Agreement, including the method for determining dividends, at any time without notice except as expressly required by applicable law. If applicable laws provide no express time period, then notice ten (10) days or more in advance of the effective date of any change shall be deemed sufficient.

(Ex. A ¶ 34.)

12.     Prior versions of the Membership Agreement contained substantially similar language. For example, the April 1, 2007, April 1, 2009, and March 24, 2014 versions of this provision read as follows:

> As set forth herein, the Credit Union, in its sole discretion, may change any term or condition of this Agreement, including the method for determining dividends, at any time without notice except as expressly required by applicable law, and any change in the Agreement shall be effective at the earliest time allowed ["by applicable law," as of March 24, 2014 or "by law," as of April 1, 2007 and April 1, 2009].

13.     By periodic website updates and other communications, SRP members are kept informed of changes to the membership agreement. The current membership agreement is made available to all SRP members through a members-only online portal. Hard copies of the current membership agreement are also made available to members on request at SRP offices and headquarters locations.

14. The current Membership Agreement contains the currently operative arbitration clause which states, in relevant part:

**ARBITRATION PROVISION**

**READ THIS ARBITRATION PROVISION CAREFULLY: IT WILL IMPACT HOW LEGAL CLAIMS YOU AND WE HAVE AGAINST EACH OTHER ARE RESOLVED.**

**Under the terms of this Arbitration Provision, and except as set forth below, Claims (as defined below) will be resolved by individual (and not class-wide) binding arbitration in accordance with the terms specified herein, if you or we elect it. These provisions shall apply to any claim arising or relating to any Claim existing now or in the future and shall apply to existing and future accounts.**

**YOUR RIGHT TO OPT OUT; EFFECT OF ARBITRATION.**

This Arbitration Provision will apply to you and us and to your account as of the date your account was opened (or, if you are an existing member, as of the date of this Arbitration Provision), unless you opt out by providing proper and timely notice as set forth below. If a Claim is arbitrated, neither you nor we will have the right to: (1) have a court or a jury decide the Claim; (2) engage in information-gathering (discovery) to the same extent as in court; (3) participate in a class action, private attorney general or other representative action in court or in arbitration; or (4) join or consolidate a Claim with those of any other person.

\*\*\*

This Arbitration Provision will survive the termination of your Membership and Account Agreement. See further details below.

> JURY AND CLASS ACTION WAIVER
>
> AS PERMITTED BY LAW, YOU AND WE AGREE AND UNDERSTAND THAT YOU AND WE BOTH GIVE UP THE RIGHT TO TRIAL BY JURY. THIS IS A JURY TRIAL WAIVER.
>
> NO CLASS ACTION OR JOINDER OF PARTIES: YOU AND WE AGREE THAT NO CLASS ACTION, PRIVATE ATTORNEY GENERAL, OR OTHER REPRESENTATIVE CLAIMS MAY BE PURSUED IN ARBITRATION, NOR MAY SUCH ACTION BE PURSUED IN COURT IF EITHER YOU OR WE ELECT ARBITRATION. UNLESS MUTUALLY AGREED TO BY YOU AND US, CLAIMS OF TWO OR MORE PERSONS MAY NOT BE JOINED, CONSOLIDATED, OR OTHERWISE BROUGHT TOGETHER IN THE SAME ARBITRATION (UNLESS THOSE PERSONS ARE JOINT ACCOUNT OWNERS, BORROWERS OR BENEFICIARIES ON YOUR ACCOUNT AND/OR RELATED ACCOUNTS, OR PARTIES TO A SINGLE TRANSACTION, LOAN OR RELATED TRANSACTION). IF THIS SPECIFIC PARAGRAPH IS DETERMINED BY TO BE UNENFORCEABLE, THEN THIS ENTIRE PROVISION SHALL BE NULL AND VOID, BUT ALL OTHER PROVISIONS HEREIN SHALL REMAIN FULLY BINDING.

\*\*\*

"**Claim.**" A "Claim or claim" subject to arbitration is any demand, cause of action, complaint, claim, asserted right, or request for monetary or equitable relief, whether past, present or future, and based upon any legal theory, including contract, tort, consumer protection law, fraud, statute, regulation, ordinance, or common law, which arises out of or relates to your Membership Agreement, your deposit account(s) or loan account(s), the events leading up to your becoming an account holder or borrower (for example, advertisements or promotions), any feature or service provided in connection with your account(s), or any transaction conducted with us related to any of your accounts or services. Notwithstanding the foregoing, the term "Claim" excludes: (a) any dispute or controversy about the validity, enforceability, coverage or scope of this Arbitration Provision or any part thereof, including the Class Action Waiver below (a court will decide such disputes or controversies); and (b) any individual action brought by either party in small claims court or your state's equivalent court, unless such action is transferred, removed or appealed to a different court.

\*\*\*

**Federal Arbitration Act.** Your Membership Agreement, Other Services Agreements or Disclosures and Loan Agreements evidence transactions in interstate commerce, and thus the Federal Arbitration Act governs the interpretation and enforcement of this Arbitration Provision. If a specific law expressly requires otherwise, then that law will apply in place of any of the foregoing without invalidating any other provisions in this Section.

\*\*\*

5

**RIGHT TO OPT OUT. You may opt-out of this Arbitration Provision by calling us toll free at: 1-800-237-9829, or by sending us a written notice which includes your name(s), account number(s), and a statement that you (both or all of you, if more than one) do not wish to be governed by the Arbitration Provision in your Account Agreement (the "Opt-Out Notice").**

**To be effective, your written Opt-Out Notice must be: (1) sent to us by first class mail or certified mail, return receipt requested, at: SRP Federal Credit Union, Attn. Deposit Services, P.O. Box 6730, North Augusta, S.C. 29861-6730, and (2) signed by you (or all of you, if more than one party to any relationship) including the information set forth above. We must receive your telephone call or written notice within forty-five (45) days after either: (i) the date this Arbitration Provision was first delivered or otherwise made available to you, in paper or electronic form, or (ii) the day you open your account, whichever is later. Your decision to opt out will not affect any other provision of your Membership Agreement. If the Arbitration Provision of your Membership Agreement has already been delivered or otherwise made available to you, amendments to your Membership Agreement will not give you a new right to opt out of this Arbitration Provision, unless we amend a substantive clause of the Arbitration Provision.**

(Ex. A at 21-23.)

15. To ensure notice to SRP members of arbitration provisions and any amendments thereto, SRP has followed a policy of providing direct notification to its active members when a new arbitration provision is promulgated and incorporated into the membership agreement.

16. Pursuant to that policy, in June 2021, SRP members with active accounts, including Plaintiffs Black, McGrier, Ortiz, Whitfield, Chase, and Dunn, were notified of certain amendments effective August 1, 2021 to the membership agreement, which updated the arbitration provision, through a "Change in Terms" notification that was sent out by either email or letter as specified in each member's membership profile (both the email and letter notice contained identical text). A true and correct copy of the June 2021 Change in Terms is attached as **Exhibit B**. The resultant

6

new agreement, effective August 1, 2021, is attached as **Exhibit C**. Plaintiff Allen was not yet a member of SRP, so she did not receive the June 2021 Change in Terms notification.

17. Subsequently, in July 2023, SRP members with active accounts, including Plaintiffs Black, McGrier, Ortiz, Whitfield, Dunn, and Allen, were notified of a further change to the arbitration provision through a "Change in Terms" notification that was sent out by either email or letter as specified in each member's membership profile (both the email and letter notice contained identical text). A true and correct copy of the July 2023 Change in Terms is attached as **Exhibit D**.

18. The June 2021 and July 2023 notices were sent to the mailing address or email address on file for each Plaintiff with an active account. As explained below, Plaintiff Chase's accounts became inactive in May 2022 and he was not provided with the July 2023 notice. The Membership Agreement requires members to "promptly notify" SRP of any changes to their contact information, and in the absence of such notice, any mail, disclosure or notice to a member at their address of record is "deemed properly addressed" and "constitute[s] effective delivery of any item [SRP] may be required to provide regardless of actual receipt" by the member. (*See* Ex. A ¶ 23.)

19. Specific additional details regarding each Plaintiff, based on my review of the business records of SRP maintained in the ordinary course, are as follows.

20. Plaintiff Black opened a joint account and became a member of SRP on March 21, 1996. SRP has not to date located a copy of Black's membership application. As stated above, SRP's records confirm that Plaintiff Black is a current SRP member and is bound by the current Membership Agreement.

21. Plaintiff McGrier first opened an account and became a member of SRP on April 23, 2008. McGrier opened an additional individual account on March 18, 2011 and a joint account on October 5, 2016. SRP has not to date located a copy of McGrier's membership applications. As stated above, SRP's records confirm that Plaintiff McGrier is a current SRP member and is bound by the current Membership Agreement.

22. Plaintiff Ortiz opened a joint account and became a member of SRP on June 12, 2014. A true and correct copy of Ortiz's membership application, with personal information redacted, is attached as **Exhibit E**. As stated above, SRP's records confirm that Plaintiff Ortiz is a current SRP member and is bound by the current Membership Agreement.

23. Plaintiff Whitfield first opened an account and became a member of SRP on August 24, 2015. She opened a subsequent account online on December 21, 2017. A true and correct copy of Whitfield's 2015 membership application, with personal information redacted, is attached as **Exhibit F**. As stated above, SRP's records confirm that Plaintiff Whitfield is a current SRP member and is bound by the current Membership Agreement.

24. Plaintiff Chase opened accounts and became a member on August 5, 2019. A copy of Chase's membership application, with personal information redacted, is attached as **Exhibit G**. SRP's records confirm that Plaintiff Chase was an active SRP member through May 29, 2022 and thereafter became an inactive member. Chase is bound by the August 1, 2021 membership agreement, including the arbitration clause therein, which was mailed or emailed to Plaintiff Chase in June 2021.

25. Plaintiff Dunn opened accounts and became a member of SRP on December 30, 2019. One of her accounts is a joint account and the other is a charge-off checking account. A copy of Dunn's membership application, with personal information redacted, is attached as **Exhibit H**.

As stated above, SRP's records confirm that Plaintiff Dunn is a current SRP member and is bound by the current Membership Agreement.

26. Plaintiff Allen opened accounts and became a member of SRP on June 28, 2022. A copy of Allen's membership application, with personal information redacted, is attached as **Exhibit I**. As stated above, SRP's records confirm that Plaintiff Allen is a current SRP member and is bound by the current Membership Agreement.

27. The arbitration provision applicable to each Plaintiff provides that an SRP member may opt out of the provision by phone or written notice if received within 45 days after either: (i) the date the provision was first delivered or otherwise made available to the member, in paper or electronic form, or (ii) the day the member opened their account, whichever is later. (Ex. A at 23 (applying to Plaintiffs Black, McGrier, Ortiz, Whitfield, Dunn, and Allen ); Ex. C at 22 (applying to Plaintiff Chase).)

28. Based on SRP's records, maintained in the ordinary course of business, none of the Plaintiffs provided such phone or written notice to SRP of opting out of the arbitration provisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2025.

DOUGLASS MORRIS
Chief Technology Officer
SRP Federal Credit Union